Edward V. Anderson (SBN 83148)
Edward C. Kwok (SBN 144302)
Georgia K. Van Zanten (SBN 116869)
Matthew J. Brigham (SBN 191428)
Julia S. Ferguson (SBN 216102)
SKJERVEN MORRILL MACPHERSON LLP
25 Metro Drive, Suite 700
San Jose, California 95110
Phone: (408) 453-9200
Facsimile: (408) 453-7979

Attorneys for Plaintiffs
IKOS SYSTEMS, INC. and
MASSACHUSETTS INSTITUTE OF TECHNOLOGY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IKOS SYSTEMS, INC., a Delaware Corporation, and MASSACHUSETTS INSTITUTE OF TECHNOLOGY, a Massachusetts Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>AXIS SYSTEMS, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 01-21079 JW<br><br>**OPPOSITION TO MOTION FOR LEAVE TO PRESENT EXPERT TESTIMONY ON CLAIM CONSTRUCTION**<br><br>Hearing Date: April 22, 2002<br>Time: 9:00 a.m.<br>Place Courtroom 8<br>Judge: Hon. James Ware |

Plaintiffs IKOS Systems, Inc. and Massachusetts Institute of Technology (collectively "Plaintiffs") submit this opposition to the motion of Defendant Axis Systems, Inc. ("Defendant") for leave to present expert testimony on claim construction.

**I.     INTRODUCTION.**

Defendant's motion seeks to prolong the claim construction hearing by presenting expert testimony in order to "assist" the Court in interpreting the claim terms in accordance with the specifications and as they would be understood by one of skill in the relevant art at the time the

1  patent applications were filed. Def. Not. of Mot. Defendant simply ignores the fact that a
2  tutorial has been scheduled three days before the claim construction hearing for the express
3  purpose of explaining the background of the technology which is involved in the case. It is
4  difficult to ascertain what Defendant could possibly present at the claim construction hearing
5  that could not be presented at the tutorial. In short, it appears that Defendant is simply
6  requesting "two bites of the same apple" and its request should be summarily denied.

## II. DISCUSSION.

### A. Generally Only Intrinsic Evidence Should be Used in Interpreting Claims.

The Court has stated that it will consider only intrinsic evidence to interpret the disputed claims in this case and that no testimony will be allowed, unless the Court orders otherwise. Scheduling Order, dated January 15, 2002 ("Scheduling Order") at ¶ 9. The Court thereby follows well established precedent that, in interpreting a claim, the court should look first to the intrinsic evidence of record. Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996). The claims, specification, and prosecution history are the intrinsic evidence and constitute the public record of the patentee's claims. Id. at 1582-83. It is this record which competitors are entitled to review, apply established rules of claim construction, ascertain the scope of the patentee's claimed invention, and, thus, design around the claimed invention. Id. at 1583. "Allowing the public record to be altered or changed by extrinsic evidence introduced at trial, such as expert testimony, would make this right meaningless." Id.[1]

### B. Only Rarely Should Extrinsic Evidence be Used in Interpreting Claims.

By its motion, Defendant essentially suggests that the Court needs assistance in order to *construe* the patent terms. Def. Mem. at 3:28-4:2 ("it would be helpful to have the testimony of an expert . . . to assist in the process of construing the patent terms in accordance with the specifications"). Such assistance, however, is rarely necessary. As the court stated in Charles E. Hill & Assocs. v. Compuserve, Inc., 65 F. Supp. 2d 924 (S.D. Ind. 1999):

> The Federal Circuit has made clear . . . that when the "public record unambiguously describes the scope of the patented invention, reliance on any

---

[1] The Vitronic's court found that the trial court's reliance on extrinsic evidence was unnecessary and, thus, legally incorrect. Id. at 1585.

OPPOSITION TO MOTION FOR LEAVE TO PRESENT EXPERT TESTIMONY ON CLAIM CONSTRUCTION
Case No. C01-21079-JW

extrinsic evidence is improper."  Moreover, compliance with the drafting requirements of § 112 should have eliminated any ambiguity in the claim language.  "*If the patent's claims are sufficiently unambiguous for the PTO, there should exist no factual ambiguity when those same claims are later construed by a court of law . . . .*"

Id. at 928 (citations omitted) (emphasis added).  Similarly, the Vitronics court remonstrated:

> Had the district court relied on the expert testimony and other extrinsic evidence solely to help it understand the underlying technology, we could not say the district court was in error.  But testimony on the technology is far different from expert testimony . . . on the proper construction of a disputed claim term, relied on by the district court in this case.  The latter kind of testimony may only be relied upon if the patent documents, taken as a whole, are insufficient to enable the court to construe disputed claim terms.  Such instances will rarely, *if ever*, occur.

Vitronics, 90 F.3d at 1585 (emphasis added).[2]

### C. The Proper Forum for Extrinsic Expert Testimony is the Tutorial.

The Court has scheduled a three and one-half hour tutorial for April 30, 2002.  Scheduling Order at ¶ 1.  "The purpose of the tutorial is to allow each party to inform the Court about the background of the technical information which is involved in the case and the nature of the dispute."  Id.  In this forum, the Court expressly permits the presentation of expert testimony.  Id.  Thus, the tutorial meets the expectation that "even though the court may not rely on extrinsic evidence to resolve ambiguities, such evidence is often necessary to educate the court about the patent and the patent's relevant field of technology."  Hill & Associates, 65 F. Supp. 2d at 928; EMI Group North America, Inc. v. Intel Corp., 157 F.3d 887, 892 (Fed. Cir.

---

[2]  The Vitronics court concluded this discussion stating:

> Even in those rare instances, prior art documents and dictionaries . . . are more objective and reliable guides.  Unlike expert testimony, these sources are accessible to the public in advance of litigation.  They are to be preferred over opinion testimony . . . .  *Indeed, opinion testimony on claim construction should be treated with the utmost caution, for it is no better than opinion testimony on the meaning of statutory terms.*

Id. (emphasis added).

**OPPOSITION TO MOTION FOR LEAVE TO PRESENT EXPERT TESTIMONY ON CLAIM CONSTRUCTION**
Case No. C01-21079-JW

1998) ("extrinsic evidence including expert testimony is not to be relied upon for purposes of claim interpretation, other than to aid the judge in understanding the technology . . . ."); Gart v. Logitech, Inc., 254 F.3d 1334, 1340 (2001) ("extrinsic evidence may be accepted by the court to enhance its understanding of the technology").

By the scheduling of the tutorial, the Court has specifically designated the appropriate forum in which to present expert testimony to ensure that the court understands the technological background of the patents and the knowledge of those in the art at the time the patents were filed. Such background may include testimony regarding prior art systems and methods, as well as the significance of references disclosed in the patents or prosecution history. Thus, testimony at the tutorial will enable the Court to construe the claims in a manner that accords with the specification and with the understanding of one skilled in the art during the relevant time period.

### D. Expert Testimony Would Unnecessarily Prolong the Claim Construction Hearing.

The Court has scheduled four hours for the Claim Construction Hearing which is to be held on May 3, 2002. Scheduling Order, ¶ 9. In support of its motion, Defendant has cited four cases in which it claims expert testimony was helpful in the interpretation of claims. In those cases, rather than four hours, the hearings lasted two, four, or five days. Def. Mem. at 5:22-28. Importantly, in *none* of the cases cited by Defendant was a tutorial held to provide background information regarding the technology at issue, rather that function appears to have been subsumed in the claim construction hearing.[3] Here, where a tutorial has already been scheduled, expert testimony at the claim construction hearing is unnecessary.

///

///

---

[3] The cited cases are EMI Group North America, Inc. v. Intel Corp., 157 F.3d 887 (Fed. Cir. 1998); Bailey v. Dart Container Corp., 157 F. Supp. 2d 110 (D. Mass. 2001); Data General Corp. v. International Business Machines Corp., 93 F. Supp. 2d 89 (D. Mass. 2000); and Charles E. Hill & Assocs. v. Compuserve, Inc., 65 F. Supp. 2d 924 (S.D. Ind. 1999).

**OPPOSITION TO MOTION FOR LEAVE TO PRESENT EXPERT TESTIMONY ON CLAIM CONSTRUCTION**
Case No. C01-21079-JW

### E. If Dr. Mangione-Smith is Permitted to Testify at the Claim Construction Hearing, Plaintiffs Request that their Expert, Dr. Sarrafzadeh, also be Permitted to Testify.

Plaintiffs strongly believe that expert testimony at the claim construction hearing is not appropriate and have so informed Defendant. If the Court grants Defendant's motion, however, Plaintiffs request that their expert, Dr. Majid Sarrafzadeh, also be permitted to testify. Dr. Sarrafzadeh is well qualified to testify in this action. Van Zanten Decl., ¶ 2, Ex. A (Sarrafzadeh resume). He holds a doctorate from the Department of Electrical and Computer Engineering at the University of Illinois. Dr. Sarrafzadeh was a professor at Northwestern University in the Department of Electrical and Computer Engineering from 1998 to 2000 (becoming a full professor in 1997) and has been a professor in the Computer Science Department of the University of California at Los Angeles since 2000. His areas of research interest include reconfigurable computing and devices, low-power embedded systems, VLSI computer-aided design, and design and analysis of algorithms. There will be no prejudice to Defendant, because Dr. Sarrafzadeh has been deposed on his understanding of the terms in the patents in issue. Van Zanten Decl., ¶ 3, Ex. B.

### III. CONCLUSION.

For the foregoing reasons, Plaintiffs request that the Court deny Defendant's motion for leave to present expert testimony on claim construction. Alternatively, if Defendant's motion is granted, Plaintiffs request that Dr. Saraffzadeh be permitted to testify as to his opinions with respect to claim construction.

DATED: April 1, 2002

SKJERVEN MORRILL MACPHERSON LLP

By _____/S/_____
Georgia K. Van Zanten

Attorneys for Plaintiffs
IKOS SYSTEMS, INC. and MASSACHUSETTS INSTITUTE OF TECHNOLOGY

**OPPOSITION TO MOTION FOR LEAVE TO PRESENT EXPERT TESTIMONY ON CLAIM CONSTRUCTION**
Case No. C01-21079-JW